UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HAROLD M. KNELLER, JR., JANET KNELLER,

           Plaintiff,

vs.                      Case No. 2:05-cv-534-FtM-29DNF

SAFECO INSURANCE COMPANY OF AMERICA,

           Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on Plaintiff's Motion to Remand and Accompanying Memorandum of Law (Doc. #10) filed on December 7, 2005. Defendant Safeco Insurance Company of America (Safeco) filed its Response on December 20, 2005. (Doc. #20). This case was initiated in the Twelfth Judicial Court in and for Sarasota County, Florida, and removed to federal District Court on November 10, 2005 (Doc. #1).

    The Complaint alleges that Safeco is a foreign corporation duly licensed to transact insurance business in the State of Florida and transacts business in Sarasota County, Florida. Plaintiffs allege that on or about February 2, 2004, the parties entered into an insurance contract concerning plaintiffs' home and personal property located in Punta Gorda, Florida. The insurance policy provided homeowners coverage for damages and loss of use

resulting from a hurricane. On August 13, 2004, plaintiffs' property was damaged by Hurricane Charley, and has since been uninhabitable. Plaintiffs have been renting an apartment while the residence undergoes repairs. Plaintiffs filed a claim with Safeco and performed all conditions precedent for reimbursement under the policy, but Safeco failed to adequately reimburse their claims. As a result, plaintiffs filed a lawsuit alleging a breach of contract.

Safeco filed a timely Notice of Removal (Doc. #1), asserting that federal court has diversity jurisdiction. Plaintiffs' Motion to Remand does not dispute the existence of complete diversity of citizenship, but asserts that Safeco has failed to establish that the amount in controversy exceeds the jurisdictional amount.

Removal jurisdiction exists only where the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a); Darden v. Ford Consumer Fin. Co., Inc., 200 F.3d 753, 755 (11th Cir. 2000). A district court has subject matter jurisdiction over diversity cases pursuant to 28 U.S.C. § 1332. Section 1332(a) requires that the parties be citizens of different states and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

As the party seeking federal jurisdiction, the burden is upon defendant to establish diversity jurisdiction as of the date of removal. Sammie Bonner Constr. Co., Inc. v. Western Star Truck Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003); Williams v. Best

Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Contrary to plaintiffs' argument (Doc. #10, p. 2), however, defendant does not have to establish federal jurisdiction to a legal certainty or beyond any doubt. Such a standard only applies to a plaintiff who originally files the case in federal court. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1314-15 (11th Cir. 2002). When plaintiff files the case in state court, and fails to plead a specific amount of damages (as here), the removing defendant must only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. Williams, 269 F.3d at 1319.

To establish jurisdiction, a removing defendant may rely upon the factual representations of plaintiff. Mitchell, 294 F.3d at 1314-15. When the jurisdictional amount is not facially apparent from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Willaims, 269 F.3d at 1319 (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet defendant's burden." Id. at 1319-20; see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994)(concluding that removing defendant did not meet burden of proving amount in controversy where it offered "nothing more than conclusory

allegations"). The Court can look to facts submitted by defendant post-removal to see if the jurisdictional amount is satisfied as of the date of removal. Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000); Williams, 269 F.3d at 1319-20.

In this case, the Complaint only alleges damages in excess of $15,000, (Doc. #2, ¶ 1), plus prejudgment interest, attorney fees and costs. (Doc. #2, "Wherefore" clause). Therefore, the Complaint does not establish that the amount in controversy exceeds $75,000.00.

The Notice of Removal alleges that plaintiffs "seek payment of repairs to their units, presumably up to the policy limits, which are in excess of $75,000.00." (Doc. #1, p. 2). This is insufficient, since it asserts no facts concerning the amount of damages, but only sets forth the policy limits. Since the policy limits are not at issue, the face of the policy does not satisfy the jurisdictional amount. E.g., Friedman v. New York Life Ins. Co., , 410 F.3d 1350, 1357 (11th Cir. 2005).

The Notice of Removal further asserts that "[t]his fact [jurisdictional amount] is demonstrated by the extent of damage claimed by [plaintiffs] and their demand including damages to his dwelling, additional living expenses and other structures, personal property, and additional living expenses and debris removal expenses." (Id.). These conclusory statements are also insufficient. Even after reviewing the copies of the correspondence attached to the Complaint, the Court cannot

-4-

determine by a preponderance of evidence that the amount in controversy exceeds $75,000.00.  The additional living expenses over a twelve month period equates to less than $30,000.00, and neither side has alleged any other specific damages amount even after this issue was raised.

The lack of a stipulation limiting the total amount of damages and attorney's fees and costs to below $75,000.00 is insufficient when considering whether removal was proper. Williams, 269 F.3d at 1320; Allen v. Toyota Motor Sales USA, Inc., 2005 WL 3096631 (11th Cir. 2005).

Attorney fees under Fla. Stat. § 627.482 are included in the amount in controversy, Morrison, 228 F.3d at 1265, but there is no indication that a reasonable attorney fee or prejudgment interest would place the amount in controversy over $75,000.

The Court concludes that defendant has not carried its burden in demonstrating that the jurisdictional requirement has been satisfied.  Thus, the Motion to Remand is due to be granted.

Accordingly, it is now

**ORDERED**:

1.   Plaintiff's Motion to Remand (Doc. #10) is **GRANTED**.

2.   The Clerk is **directed** to remand the case to the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

3. The Clerk is **directed** to close this case and terminate all previously scheduled deadlines and pending motions as **moot**.

**DONE AND ORDERED** at Fort Myers, Florida, this __11th__ day of January, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
DCCD